UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KEITH DAVID WILSON,<br><br>                   Plaintiff,<br><br><br>          vs.<br><br>MIKE MATTSON, Warden, Minnehaha County jail, in his individual and official capacity and JOHN A. DOE, Summit Foods Inc., Minnehaha County jail, in his/her individual and official capacity,<br><br>                   Defendants. | 4:19-CV-04197-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff, Keith David Wilson, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Wilson moves for leave to proceed in forma pauperis and included his prisoner trust account report. Dockets 3, 4.

## I.    Motion to Proceed In Forma Pauperis

Wilson reports average monthly deposits of $64.58 and an average monthly balance of $19.57. Docket 3. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). " '[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129

F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1)(A-B). Based on the information regarding Wilson's prisoner trust account, the court grants Wilson leave to proceed in forma pauperis and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Wilson must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Wilson's institution. Wilson remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II.     1915A Screening

### A.     Factual Background

The facts alleged in Wilson's complaint are: that Wilson considers himself a convert to Orthodox Judaism. Docket 1 at 6. Orthodox Jews follow "Ashkenazi rules[.]" *Id.* Wilson follows the dietary laws of " 'kashrut' " that require only kosher meals to be eaten. *Id.* He claims that the "kosher meals received at the Minnehaha County [j]ail are produced in a factory for Summit Foods, Inc., frozen, and then shipped to the [j]ail. . . .The kosher meals received at this [j]ail do not contain meat, but in fact, include 'soy' and 'soybean products' that are made to look and taste like meat." *Id.* at 7. Wilson "requested that he receive 'kosher' meals consistent with his religious observance, but was denied . . . due to a claimed al[l]ergy to 'soy.' " *Id.* at 5. It is unclear from Wilson's complaint whether he is actually allergic to soy. *See id.*

Wilson claims that his free exercise of religion has been substantially burdened. *Id.* at 8. Wilson alleges that the soy "kosher" meals provided by defendants do not adhere to Jewish law because the meals are not prepared properly and the substance of the meal is not considered to be kosher. *Id.* at 8-9. Wilson claims that because defendants have not reasonably

accommodated his religious dietary needs, that " 'all opportunity' " for him to practice his faith has been denied. *Id.* at 7. Wilson asserts violations of the First Amendment free exercise clause, the Fourteenth Amendment due process clause, and the Religious Land Use and Institutionalized Persons Act (RLUIPA). *Id.* at 4, 8, 10-11. Wilson claims that "it is the policy and custom of the Minnehaha County [j]ail to only provide kosher meals to inmates if said meals are made with or from 'soy.' " *Id.* at 18. Wilson seeks monetary damages, "an order amending the way and form kosher meals are cooked—no soy whatsoever," and for "alternat[ive] kosher meals [to be] offered at no cost to [j]ail inmates." *Id.* at 21. Wilson sues defendants in their individual and official capacities. *Id.* at 2.[1]

### B.   Legal Standard

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even

---

[1] Wilson's official capacity claims against Mattson are the equivalent of a lawsuit against Minnehaha County. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). A municipal government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Because Wilson claims that the jail has policies and customs that provide inadequate religious meals to Jewish inmates, his claims against Mattson in his official capacity survive 1915A screening. At this time, Wilson's claims against John A. Doe, in his/her official capacity, also survive 1915A screening.

with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

### C.    Legal Analysis

#### 1.    First Amendment

Wilson's complaint alleges violations of his First Amendment rights. Docket 1 at 4. In order to state a First Amendment claim, Wilson must allege facts tending to show that prison officials have substantially burdened the free exercise of his religion. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). Substantially burdening one's free exercise of religion means that the regulation "must significantly inhibit or constrain conduct or expression that manifests some central tenet of a [person's] individual religious beliefs; must meaningfully curtail a [person's] ability to express adherence to his or her faith; or must deny a [person's] reasonable opportunities to engage in those activities that are fundamental to a [person's] religion." *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 988 (8th Cir. 2004) (internal quotation omitted).

Here, Wilson is a convert to Orthodox Judaism and claims that he was completely denied the ability to receive a religious diet because the jail refused to accommodate him. Docket 1 at 5, 6, 8. Wilson also alleges that the way the food is prepared and the substance of the food is inadequate to be called "kosher." *Id.* at 8-9. Wilson has alleged sufficient facts to show that there has been a substantial burden on his practice of religion; thus, his First Amendment free exercise claim against defendants survives screening.

#### 2.    RLUIPA

Wilson asserts that defendants have also violated RLUIPA. Docket 1 at 8-9. RLUIPA protects " 'any exercise of religion, whether or not compelled by, or

central to, a system of religious belief[.]' " *Holt v. Hobbs*, 574 U.S. 352, 358 (2015) (quoting 42 U.S.C. § 2000cc-5(7)(A)). "[A] prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation," and the prison policy must substantially burden the prisoner's exercise of religion. *Id.* at 360-61.

To establish a prima facie case under RLUIPA, a plaintiff must show "1) that he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened." *Smith v. Allen*, 502 F.3d 1255, 1276 (11th Cir. 2007) (abrogated on other grounds by *Sossamon v. Texas*, 563 U.S. 277 (2011)); *see also* 42 U.S.C. § 2000cc-1(a). If the plaintiff succeeds in making a prima facie showing, the defendant bears the burden to prove that the challenged regulation is the least restrictive means of furthering a compelling governmental interest. *Allen*, 502 F.3d at 1276. Because Wilson claims that his sole opportunity to receive a religious diet has been prohibited by the jail and that the kosher diet offered does not comply with Jewish law, his RLUIPA claim survives screening.

### 3.    Fourteenth Amendment Due Process Clause

Wilson argues that "at the heart of liberty protected by [the] Fourteenth Amendment is the right to define one's own concept of existence of meaning, of the universe, and of the mystery of human life." Docket 1 at 11. He claims that "defendants have placed [unnecessary] restraints [] on his practice of religion that is not narrowly tailored to serve a compelling state interest." *Id.* at 12. Wilson "requested that he receive 'kosher' meals consistent with his religious

observance, but was denied said request due to a claimed al[l]ergy to 'soy.' "
*Id.* at 5. It is unclear from Wilson's complaint whether he is actually allergic to
soy. *See id.* at 8.

In order for Wilson to establish a substantive due process clause
violation, he must allege "(1) that an official violated one or more fundamental
constitutional rights, and (2) that the conduct of the official was shocking to
the contemporary conscience." *Flowers v. City of Minneapolis*, 478 F.3d 869,
873 (8th Cir. 2007) (internal quotation omitted). "[F]undamental rights are
those 'deeply rooted in this Nation's history and tradition, and implicit in the
concept of ordered liberty, such that neither liberty nor justice would exist if
they were sacrificed.' " *Id.* (quoting *Terrell v. Larson*, 396 F.3d 975, 978 n.1 (8th
Cir. 2005)). "[T]he state action must be 'truly egregious and extraordinary' to
shock the conscience[.]" *Livers v. Schenck*, 700 F.3d 340, 351 (8th Cir. 2012)
(quoting *Winslow v. Smith*, 696 F.3d 716, 735-36 (8th Cir. 2012)). "Whether
conduct shocks the conscience is a question of law." *Folkerts v. City of Waverly*,
707 F.3d 975, 980 (8th Cir. 2013).

> Because a wide variety of official conduct may cause injury, a court
> must first determine the level of culpability the § 1983 plaintiff must
> prove to establish that the defendant's conduct may be conscience
> shocking. Mere negligence is never sufficient. Proof of intent to harm
> is usually required, but in some cases, proof of deliberate
> indifference, an intermediate level of culpability, will satisfy this
> substantive due process threshold. The deliberate indifference
> standard 'is sensibly employed only when actual deliberation is
> practical.' By contrast, the intent-to-harm standard most clearly
> applies in rapidly evolving, fluid, and dangerous situations which
> preclude the luxury of calm and reflective deliberation.

*Id.* at 980-81 (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)) (internal citations omitted). "In applying the *Lewis* [intent-to-harm] standard, 'only a purpose to cause harm *unrelated to the legitimate object of* [the government action in question] will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation.' " *Helseth v. Burch*, 258 F.3d 867, 872 (8th Cir. 2001) (quoting *Lewis*, 523 U.S. at 836).

Wilson claims he was denied a religious diet because of a "claimed allergy to soy." Docket 1 at 5. Wilson has not stated in his complaint whether he is or is not allergic to soy. *See id.* If Wilson is not allergic to soy, the facts being liberally construed in favor of Wilson, may support an allegation that Mattson's purpose of denying Wilson's religious diet request was to cause Wilson harm and shocks the conscience. But Wilson does not allege sufficient facts to support that defendant John A. Doe of Summit Foods, Inc., intended to harm him or was deliberately indifferent to his religious views/needs. Thus, Wilson's Fourteenth Amendment due process clause claim against Mattson survives 1915A screening. Wilson's claim against John A. Doe fails to state a claim upon which relief can be granted and is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Thus, it is ORDERED:

1.   That Wilson's motion to proceed in forma pauperis (Docket 4) is granted.

2.   That the institution having custody of Wilson is directed that

whenever the amount in Wilson's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Wilson's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full.

3.   That Wilson's First Amendment and RLUIPA claims against defendants survive 1915A screening.

4.   That Wilson's Fourteenth Amendment claim against Mike Mattson survives 1915A screening. Wilson's Fourteenth Amendment claim against John A. Doe is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5.   The Clerk shall send a blank summons form and Marshal Service Form (Form USM-285) to Wilson so that he may cause the complaint to be served upon the defendants.

6.   Wilson shall complete and send the Clerk of Courts a separate summons and USM-285 form for the defendant. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

7.   The United States Marshal Service shall serve the completed

summonses, together with a copy of the complaint (Docket 1) and this order, upon the defendants.

8.    Defendants will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

9.    The clerk of the court is directed to send a copy of this order to the appropriate official at Wilson's institution.

10.   Wilson will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated April 28, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE