UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KEITH DAVID WILSON,<br><br>                        Plaintiff,<br><br><br>          vs.<br><br>MIKE MATTSON, Warden, Minnehaha County jail, in his individual and official capacity; JOHN A. DOE, Summit Foods Inc., Minnehaha County jail, in his/her individual and official capacity; and OLIVIER POIROT,<br><br>                        Defendants. | 4:19-CV-04197-KES<br><br><br>ORDER GRANTING MOTION TO DISMISS OLIVIER POIROT |

Plaintiff, Keith David Wilson, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Defendant, Olivier Poirot, moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) all claims that are pending against him. Docket 18. Wilson filed a motion to submit evidence to support his complaint (Docket 22), but he did not otherwise respond to Poirot's motion to dismiss. The motion to dismiss is granted.

**LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering such motions, the court must accept as true the allegations in the complaint and construe the pleadings in the light

most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The pleaded facts must demonstrate a plausible claim, that is, one in which the pleader has shown more than an abstract "possibility" that the defendant has engaged in actionable misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTS

In his complaint, Wilson alleges violations of his rights under the First Amendment, Religious Land Use and Institutionalized Persons Act and the Fourteenth Amendment. Docket 1. He asserts that Mattson and Summit substantially burdened his religion by failing to provide him with a soy-free diet. *Id.* His complaint, however, does not identify Poirot or make any factual allegations against Poirot. *Id.* Wilson's related Brief in Support of Complaint (Docket 2) and Miscellaneous Evidence (Docket 22) do not identify Poirot or assert any factual allegations against Poirot that would support that Poirot was involved in Wilson's meal requests. Poirot was not named as a defendant in Wilson's complaint. Docket 1. Instead, Wilson listed Poirot on a Summons and it appears he was administratively added as a defendant by the Clerk of Courts based on the Summons having been issued and served.

## DISCUSSION

When a complaint contains no allegations that the defendant had any personal involvement relating to the events giving rise to the lawsuit, dismissal of that party from the action is proper. *See, e.g., Eaton v. Minn Atty. Gen. Office*, 2010 WL 3724398, at *5 (D. Minn. 2010) (dismissing a party to a lawsuit when "there [were] no allegations within Plaintiff's complaint which suggest that the

[defendant] played any role in any of the events giving rise to this lawsuit.");

*Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 682 (N.D. Iowa 1995)

(dismissing defendants from a lawsuit pursuant to Rule 12(b)(6) where "[n]o

facts appear in the complaint stating any allegation of a cause of action

against" the defendants). Because Wilson has not alleged any facts that state a

cause of action against Poirot, Poirot is entitled to dismissal from the action.

Thus, it is ORDERED that Poirot's motion to dismiss (Docket 18) is

granted. This matter is dismissed without prejudice.

Dated January 6, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

3