UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KEITH DAVID WILSON,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MIKE MATTSON, Warden, Minnehaha County Jail, in his individual and official capacity, JOHN A. DOE, Summit Foods Inc., MINNEHAHA COUNTY JAIL, in its individual and official capacity, and SUMMIT FOOD SERVICES, LLC,<br><br>　　　　　　Defendants. | 4:19-CV-04197-KES<br><br><br>ORDER GRANTING MATTSON'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING PLAINTIFF'S MOTION TO CONJOIN |

　　　Plaintiff, Keith David Wilson, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Defendant Mike Mattson moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Docket 27. Wilson moves to "conjoin" his responses to summary judgments. Docket 50.

**I.　Mike Mattson's Motion for Judgment on the Pleadings**

　　**A.　Factual Background**

　　　Wilson considers himself a convert to Orthodox Judaism. Docket 1 at 6. Orthodox Jews follow "Ashkenazi rules." *Id.* Wilson follows the dietary laws of "kashrut" that require the eating of kosher meals only. *Id.* He claims that the kosher meals are produced at a Summit Foods, Inc., factory, frozen, and shipped to the jail. *Id.* at 7. "The kosher meals received at this [j]ail do not contain meat, but in fact, include 'soy' and 'soybean products' that are made to

look and taste like meat." *Id.* Wilson "requested that he receive 'kosher' meals consistent with his religious observance, but was denied . . . due to a claimed al[l]ergy to 'soy.' " *Id.* at 5. It is unclear from Wilson's complaint whether he is actually allergic to soy. *See id.*

Wilson claims that his free exercise of religion has been substantially burdened. *Id.* at 7-8. Wilson alleges that the soy "kosher" meals provided by defendants do not adhere to Jewish law because the meals are not prepared properly and the substance of the meal is not considered to be kosher. *Id.* at 8-9. Wilson claims that because defendants have not reasonably accommodated his religious dietary needs, "all opportunity" for him to practice his faith has been denied. *Id.* at 7. He asserts violations of the First Amendment free exercise clause, the Fourteenth Amendment due process clause, and the Religious Land Use and Institutionalized Persons Act. *Id.* at 4, 8, 10-11.

### B.  Legal Standard

A court may grant a motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings "only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). Judgment on the pleadings uses the same standard that the court would use when addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). "When evaluating a motion for judgment on the pleadings, a court must

accept as true all factual allegations set out in the complaint, and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." *Wishnatsky,* 433 F.3d at 610. The "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks and citation omitted).

Under the judgment on the pleadings analysis, the court considers "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

### C. Legal Analysis[1]

Mattson claims that he is entitled to judgment on the pleadings because Wilson did not exhaust the jail's administrative remedies. *See* Docket 28 at

---

[1] The court did not screen the claims against Minnehaha County jail as a defendant, but will do so now. *See* Docket 6. The Minnehaha County jail is dismissed as a defendant under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because "county jails are not legal entities amenable to suit." *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003).

3

8-11. The Prison Litigation Reform Act (PLRA) provides that an inmate must exhaust all available administrative remedies before bringing an action with respect to prison conditions under either § 1983 of this title, or any other federal law. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 (2001). This mandatory exhaustion requirement applies broadly to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in [federal] court."). The PLRA requires "immediate dismissal" of all unexhausted claims. *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005).

Before filing this action, Wilson was required to fully and properly exhaust his administrative remedies as to each claim in the complaint. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory."). The prisoner must exhaust his administrative remedies even if the precise relief he seeks is not available through the prison grievance system. *Booth*, 532 U.S. at 741. In order to properly exhaust administrative remedies, Wilson must comply with the jail's procedures. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006) (The PLRA requires "proper exhaustion" which requires prisoners to comply with the prison's deadlines and procedures). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and

4

claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

To exhaust administrative remedies in the Minnehaha County jail (MCJ), the inmate must first file a grievance on the kiosk. Docket 36-1 at 19.[2] The MCJ written policy for the appeals process then provides:

> a. If the complaining inmate is not satisfied with the Corporal's response [he/she] may submit an appeal on the kiosk.
> b. Levels of appeal (in order): Sergeant, Lieutenant, Warden, Sheriff. All appeals must follow this chain of command.
> c. The inmate must submit [his/her] appeal within 3 days of receiving [the] response from a Corporal, indicating why he/she believes the response is not adequate.
> d. If (sic) the complaining inmate may re-appeal to the Lieutenant, Warden and then the Sheriff.
> e. Appeals submitted at the Lieutenant or Warden level must be submitted within 3 days from [the] receipt of [the] previous response.
> f. The Warden or designee will respond within 10 days from the date of [the] appeal.
> g. Appeals to the Sheriff must be submitted within 2 days of [the] response from the Warden.
> h. The Sheriff or designee will respond within 15 days from the date of [the] appeal.
> i. Once the [S]heriff has responded, the inmate has exhausted his/her appeals within the department and cannot appeal any further.

*Id.*

---

[2] Mattson filed with the court a copy of the revised 12/3/2019 Minnehaha County Sheriff's Office Jail Inmate Guidebook. Docket 29-1 at 21-22. Wilson asserted that this was not the jail guidebook in place when he filed his grievances. Mattson then filed a copy of the 2015 Minnehaha County Sheriff's Office Jail Inmate Guidebook. Docket 36-1 at 19-20. The court has compared the grievance sections in both guidebooks and they are virtually identical. The court will rely in its opinion on the procedure in place at the time of when Wilson filed his grievances.

Mattson's affidavit states that

> [t]o appeal a grievance from the Warden to the Sheriff at the MCJ, inmates write a letter to the Sheriff. A Jail staff official will place the inmate's letter in a legal envelope, which is logged into the inmate's record for outgoing mail. The Jail staff official then sends the letter to the Sheriff through interoffice mail, which is free to the inmate.

Docket 29 ¶ 7. But the MCJ written policy does not state that the inmate must write a letter to appeal to the Sheriff. Docket 36-1 at 19-20.

Inmates do not need to exhaust administrative remedies that are not "available" to them. *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016). In *Ross*, the United States Supreme Court noted three instances where the administrative remedy is unavailable, thus failure to exhaust in these situations does not end the claim: (1) "[W]hen (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates[;]" (2) "[When] an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it[;]" and (3) "[W]hen prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.*

Wilson asserts he did "everything in his power to resolve the issue at hand[.]" Docket 34 at 3. Mattson asserts Wilson did not take the last step to exhaust his administrative remedies—namely the appeal to the Sheriff. Docket 35 at 4. Mattson also states that the inmates have the option to access the

6

MCJ guidebook and claims it is easily accessible. *Id.* at 5; *see also* Docket 36-2 at 4. The MCJ guidebook does not specify whether an inmate completes his appeal to the Sheriff through the kiosk or by letter, but it does specify that the inmate has two days to appeal to the Sheriff after the Warden responds and "[o]nce the [S]heriff has responded, the inmate has exhausted his/her appeals within the department[.]" Docket 36-1 at 19.

    Here, the grievances submitted by Wilson show that the Warden rejected his appeal multiple times, but the record does not show that Wilson took any action to appeal to the Sheriff. *See* Docket 34-1 at 5, 8, 13, 15-16, 19. Wilson claims that the emblem on the MCJ guidebook, which contains the "Minnehaha County Sheriff" label, shows that the Sheriff was notified. Docket 34 at 4. But the MCJ guidebook states the inmate has two days to appeal to the Sheriff, insinuating that some form of action needs to be taken by the inmate. Docket 36-1 at 19. Although the MCJ guidebook does not detail the steps the inmate must take, the record does not support that Wilson took *any* action to appeal his grievances after the Warden rejected his appeals. Additionally, Mattson states that Wilson never asked him how to appeal to the Sheriff and Wilson does not claim otherwise. Docket 29 ¶¶ 7-9. Thus, Wilson has not alleged facts to support that the procedure was opaque or "incapable of use." *Ross*, 166 S. Ct. at 1859. Wilson has failed to exhaust the jail's administrative remedies. Thus, Mattson's motion for judgment on the pleadings (Docket 27) is granted.

## II.     Motion to "Conjoin" Response

Wilson moves for the court's permission to "file one brief not in excess of 60 pages in respond to all summary judgment motions" and to file a "response to all defendants' summary judgment motions filed by defendants, within 30 days after receiving them." Docket 50 at 1-2.

A response to a motion for summary judgment must comply with Federal Rule of Civil Procedure 56 and this court's Local Rule 56.1. Because defendants have not filed a motion for summary judgment, this court will not speculate as to the length of the response that may be needed to respond to hypothetical motions. If defendants file a motion for summary judgment, Wilson can move at that time for additional pages and for additional time to respond, if so needed. Wilson's motion to conjoin (Docket 50) is denied.

Thus, it is ORDERED:

1. That Mattson's motion for judgment on the pleadings (Docket 27) is granted.

2. The Minnehaha County jail is dismissed as a defendant under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)

3. That Wilson's motion to conjoin (Docket 50) is denied.

Dated May 11, 2021.

                                             BY THE COURT:

                                             /s/ *Karen E. Schreier*
                                             KAREN E. SCHREIER
                                             UNITED STATES DISTRICT JUDGE