UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KEITH DAVID WILSON,<br><br>   Plaintiff,<br><br> vs.<br><br>JOHN A. DOE, in his/her individual and official capacity, and SUMMIT FOOD SERVICES, LLC,<br><br>   Defendants. | 4:19-CV-04197-KES<br><br><br><br>ORDER GRANTING SUMMIT FOOD SERVICE'S MOTION FOR SUMMARY JUDGMENT |

  Plaintiff, Keith David Wilson, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Wilson's motion has been screened by the court and his surviving claims are for violations of the First Amendment free exercise clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Docket 6 at 10. Defendant, Summit Food Services, LLC, moves for summary judgment based on qualified immunity. Docket 58; Docket 59 at 7. Wilson did not respond and the time to respond has passed.

**FACTUAL BACKGROUND**

Viewing the evidence in the light most favorable to Wilson, as the

non-moving party, the facts are:[1] Wilson was a pretrial detainee at Minnehaha County jail (MCJ)[2]. Docket 59-1 ¶ 1. He practices Orthodox Judaism and requested a Kosher diet while at MCJ. *Id.* ¶¶ 3-4. Wilson was placed on a soy-free, lactose-free medical diet by MCJ medical staff, and the Kosher meals served at MCJ contain soy products. *Id.* ¶¶ 5, 7. All religious diet requests are submitted to, reviewed, and approved or denied by MCJ staff. *Id.* ¶ 16. Medical diets prescribed by MCJ staff supersede all religious diet requests and there is no soy-free Kosher diet or cost-effective alternative available at MCJ. *Id.* ¶¶ 8, 11.

Wilson attempted to consume regular diet meals that did not adhere to his religion, and he regularly ordered and consumed foods that did not adhere to his religion. *Id.* ¶¶ 18, 20. These included shrimp ramen, squeeze jalapeno cheese, Frito Lay Doritos nacho cheese, Frito Lay Fritos chili cheese, spicy vegetable ramen, blazin' hot cheese crunchy nibblers, chocolate mini donuts, chili ramen, picante beef ramen, and Coke. *Id.* ¶ 18; *see generally* Docket 59-13. During this time, Wilson had access to foods that adhered to his religious beliefs. Docket 59-1 ¶ 19.

---

[1] Because Summit moves for summary judgment, the court recites the facts in the light most favorable to Wilson. Where the facts are disputed, both parties' averments are included. Under Local Civil Rule 56.1(D), "All material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's response to the moving party's statement of material facts." Wilson did not file a statement of disputed facts.
[2] Wilson is now serving his sentence at Mike Durfee State Prison in Springfield, SD.

Summit is a food service provider contracted by the Department of Corrections to prepare and serve food to inmates at MCJ. *Id.* ¶ 2. Summit prepares all Kosher meals using sanitized gloves and surfaces, Styrofoam containers, and separate kitchen equipment away from normal, mainline meals with special utensils, bowls, and equipment that are for Kosher meals only. *Id.* ¶¶ 12-13; Docket 59-8. All Kosher religious meals are prepared in a Kosher manner and use all Kosher-certified products in order to meet Jewish Dietary law. Docket 59-1 ¶ 14.

Wilson claims that his free exercise of religion was substantially burdened because Summit did not reasonably accommodate his religious dietary needs and that "all opportunity" for him to practice his faith was denied. Docket 1 at 7-8. Summit asserts that it was not personally involved in granting or denying Wilson's dietary requests, and that if Wilson were permitted to consume a soy-free Kosher diet, it would have had a significant detrimental impact on Summit's resources and would likely have jeopardized the safety of the Minnehaha County Jail staff and inmates. Docket 59-1 ¶¶ 16, 22. Summit claims it is entitled to qualified immunity because its actions have not violated Wilson's constitutional rights. Docket 59 at 7.

I.  **Summit's Motion for Summary Judgment**

    A.  **Legal Standard**

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this

3

burden by presenting evidence that there is no dispute of material fact or by showing that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To avoid summary judgment, "[t]he nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (internal quotation omitted). The underlying substantive law identifies which facts are "material" for purposes of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48 (emphasis omitted).

Essentially, the availability of summary judgment turns on whether a proper jury question is presented: "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved . . . in favor of either party." *Id.* at 250. Prisoners who proceed pro se are entitled to the benefit of liberal construction at the pleading stage. *Quam v. Minnehaha*

*Cty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987). Nonetheless, the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure remains applicable to prisoners proceeding pro se. *Id.* The district court is not required to "plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996).

Courts must remain sensitive, however, "to the special problems faced by prisoners attempting to proceed pro se in vindicating their constitutional rights, and [the Eighth Circuit does] not approve summary dismissal of such pro se claims without regard for these special problems." *Nickens v. White*, 622 F.2d 967, 971 (8th Cir. 1980). "[W]hen dealing with summary judgment procedures technical rigor is inappropriate where . . . uninformed prisoners are involved." *Ross v. Franzen*, 777 F.2d 1216, 1219 (7th Cir. 1985).

**B.    Legal Analysis**

Summit argues that it is entitled to qualified immunity because its actions did not amount to constitutional violations. Docket 59 at 5-7. To determine whether a government official is entitled to qualified immunity, the court asks: (1) whether the facts alleged, viewed in the light most favorable to plaintiff, demonstrate the official's conduct violated a constitutional right, and (2) whether the constitutional right was clearly established at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The court may address the elements in any order and if either of the elements is not met, then the official is entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Contracted food service providers at prisons are government actors

5

for purposes of constitutional violations. *Pulaski Cty. Republican Comm. v. Pulaski Cty. Bd. of Election Comm'rs.*, 956 F.2d 172, 174 (8th Cir. 1992) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

### 1. First Amendment

The First Amendment to the United States Constitution states in relevant part, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. Inmates clearly retain their First Amendment rights, including the right to the free exercise of religion. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). But limitations may be placed on the exercise of prisoners' constitutional rights in light of the needs of the penal system to deter crime, rehabilitate prisoners, and maintain institutional security. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987); *Murphy v. Mo. Dept. of Corr.*, 372 F.3d 979, 982 (8th Cir. 2004). Constitutional claims that would receive strict scrutiny in any other setting are evaluated under a lesser standard of scrutiny in a prison setting. *Turner v. Safley*, 482 U.S. 78, 81 (1987). A prison regulation may restrict a prisoner's constitutional rights if it is "reasonably related to legitimate penological interests." *Id.* at 89. The threshold question for any prisoner First Amendment free-exercise claim is whether prison officials have substantially burdened the plaintiff's sincerely held religious beliefs. *Gladson v. Iowa Dept. of Corr.*, 551 F.3d 825, 833 (8th Cir. 2009).

Wilson has not raised a genuine issue of material fact that his religious rights have been substantially burdened by Summit's personal involvement.

6

Wilson claims that Summit did not reasonably accommodate his religious dietary needs, and that "all opportunity" for him to practice his faith was denied. Docket 1 at 7. Summit does not dispute the sincerity of Wilson's religious beliefs. Docket 59 at 7. Summit is a food service provider contracted to prepare and serve food to inmates at MCJ, and it is not responsible for approving or denying diet requests. Docket 59-1 ¶¶ 2, 17. Because Wilson has not raised a genuine issue of material fact to show that Summit is responsible or involved in the decision process for approval or denial of Wilson's Kosher diet requests, Summit is entitled to summary judgment in its favor.

### 2. RLUIPA

Summit claims it is entitled to qualified immunity because its actions did not substantially burden Wilson's religious rights under RLUIPA. Docket 59 at 7. "When the significance of a religious belief is not at issue, the same definition of 'substantial burden' applies under the Free Exercise Clause . . . and RLUIPA." *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008).

Because Wilson has not shown that Summit substantially burdened his religious rights under the First Amendment, he has not shown that there is a genuine issue of material fact that his religious rights were substantially burdened under RLUIPA. *See Van Wyhe v. Reisch*, 581 F.3d 639, 656 (8th Cir. 2009) (explaining that a substantial burden exists if the prison significantly inhibits or constrains religious conduct, meaningfully curtails an inmate's ability to express adherence to his faith, or denies an inmate reasonable

7

opportunity to engage in fundamental religious activities). Wilson has not raised a genuine issue of material fact that Summit violated his clearly established constitutional right to practice his religion or substantially burden his sincerely held religious beliefs. Thus, Summit is entitled to qualified immunity.

    Thus, it is ORDERED:

1. That Summit's motion for summary judgment (Docket 58) is granted.
2. Wilson's First Amendment claim against Summit in its official capacity for injunctive relief is dismissed as moot because Wilson is no longer detained at the Minnehaha County jail.

DATED this 6th day of August, 2021.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE